IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| SCOTTIE TURNER | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:11-cv-322 |
| | § | |
| TURNER INDUSTRIES GROUP, L.L.C. | § | |

**PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SCOTTIE TURNER, Plaintiff, complaining of and against TURNER INDUSTRIES GROUP, L.L.C., Defendant, for causes of action and alleges as follows:

I.  JURISDICTION

1.1     This is an action under the Fair Labor Standards Act of 1938, as amended, 29 USC 201 *et seq.* (hereinafter "the FLSA").  Jurisdiction of this action is conferred on the Court under Section 16(b) of the FLSA (29 USC 216(b)), by the provisions of 28 USC 1337, and by 28 USC 1331.

II.  VENUE

2.1     Venue is proper pursuant to 28 U.S.C. § 1391(b), as the Eastern District of Texas is the judicial district in which a substantial part of the events giving rise to the claims occurred.

III.  PARTIES

3.1     Plaintiff, SCOTTIE TURNER, is a resident of Orange County, Texas.

3.2     Defendant, TURNER INDUSTRIES GROUP, L.L.C., is a foreign corporation and may be served with process by serving its registered agent for service in the state of

Texas: **C T Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201-4234.**

## IV. FACTUAL ALLEGATIONS

4.1.   Plaintiff, SCOTTIE TURNER, was employed by Defendant TURNER INDUSTRIES GROUP, L.L.C., beginning approximately August 25, 2009.  During that time period, Plaintiff performed work at the Motiva Port Arthur, Texas SBU2 Crude Expansion Project (hereinafter referred to as "the Motiva job").  Each day, Plaintiff was required by Defendant, TURNER INDUSTRIES GROUP, L.L.C., to report for work at a certain location, usually at 5:40 a.m. – 6:30 a.m., whereupon he was to get on a bus and be transported to the Motiva facility.  Later, he would be taken back by bus to the original point of departure.

4.2   Each day, the time spent in transit (from time of original reporting at the beginning of the work shift until time of disembarking the bus at the end of the shift) was approximately thirty minutes total.

4.3   During that time, Plaintiff was unable to effectively use his time for his own purposes.  Moreover, he was under the control of his employer, and the time in question predominantly benefitted his employer in that the arrangement lowered his employer's costs and/or increased his employer's profits pursuant to the contract with Motiva.  Plaintiff was not presented with, nor allowed any alternative means by which to report to his jobsite.  As such, the provisions of the Portal-to-Portal Act and cases interpreting same are inapplicable.  *See, e.g., Vega v. Gasper*, 36 F.3d 417, 425 (5th Cir. 1994) ("the workers were *not* required to use Gasper's buses to get to work in the morning.  They chose where they lived and how to get to and from work.  Not all of Gasper's field workers rode his buses."); *Johnson v. RGIS Inventory Specialists*, 554 F.Supp.2d 693, 704-705 (E.D.Tex.

2007) ("At the outset, it is undisputed that Johnson's use of the meet site and company transportation was entirely voluntary, as it was in *Vega*."); *Cervantez v. Celestica Corp.*, 618 F.Supp.2d 1208, 1216 (C.D.Cal. 2009) ("the distinguishing factor here is obvious: employee choice.  The *Vega* plaintiffs had the choice of whether or not to use the employer's transportation, even if the choice was not reasonable for some employees, given their individual circumstances.").

4.4  Plaintiff is both an individual Plaintiff and a Consentor in this action.

## V.  COLLECTIVE ACTION ALLEGATIONS

5.1  During the time period referenced above, and before and after, Defendant has implemented and enforced this policy of requiring its employees to report early and compete the day late as to all of its hourly employees working at the Motiva job.  There exists a class of persons defined as all those who have been employed by Defendant on the Motiva job from the time period February 2, 2008 and continuing; but the class shall not include the presiding judge, any persons currently employed by the United States Government and working in the offices of or on behalf of the District Clerk for the Eastern District of Texas, or in the offices of or on behalf of any judge sitting in the Eastern District of Texas, and any persons who become so employed or so work prior to the entry of a Final Judgment in this action.

5.2  The requisites of 29 USC 216 and the FLSA Collective-Action provisions have been met.  The class consists of hundreds of persons, making the members so numerous that individual lawsuits by each of the members of the group would be impractical.

5.3  Further, there are common questions of law and fact common to all members of the group.  These common questions include, among others:  (1)  Whether Defendant should have properly included time spent reporting early and completely the day late for

purposes of wages; (2) Whether Defendant has violated the Fair Labor Standards Act; (3) Whether Defendant's actions were "willful" as defined by the Fair Labor Standards Act.

5.4  The claims of Plaintiff are typical of the claims of other members of the group, and he will fairly and adequately represent and protect the interest of the proposed class. Plaintiff has no interests antagonistic to those of the other members of the proposed class. His attorneys are qualified, experienced, and able to conduct this litigation.

5.5  The questions of law and fact common to the members of the proposed class predominate over any questions affecting only individual members.

5.6  A class or collective action is superior to other methods for the fair and efficient adjudication of the claims asserted herein, and no unusual difficulties are likely to be encountered in the management of this class action.

## VI.  VIOLATIONS AND DAMAGES

6.1  Defendant has negligently or willfully failed to pay Plaintiff and other class members for time spent in employment, as more fully set forth above, in violation of the FLSA.

6.2  Defendant has negligently or willfully failed to keep adequate records of hours worked, in violation of the FLSA.

6.3  Plaintiffs are entitled to damages representing wages not properly paid, as well as an additional equal amount as liquidated damages resulting from Defendant's willful violation of the FLSA.  29 USC 207, 216(b), 255(a).  Plaintiff are further entitled to

recover their attorneys' fees, expert fees, pre-judgment and post-judgment interest on all damages, and their costs of court.

## PRAYER

WHEREFORE, Plaintiff, SCOTTIE TURNER, prays for judgment against Defendant as follows:

1. For an order certifying this matter as a class or collective action under the Federal Rules of Civil Procedure, and appointing Plaintiff and his counsel to represent the class;

2. For an order directing that all class members be notified of the pendency of this action and given an opportunity to consent to participation, at the cost of Defendant,

2. For all damages, actual, special, and incidental, that are recoverable under law as the evidence may show proper;

2. For attorney's fees in an amount deemed sufficient to cover the prosecution of this action;

3. For all costs of these proceedings and interest from date of judicial demand; and,

4. For such other and further relief, in law or in equity, as to which Plaintiffs may show themselves to be justly entitled.

          Respectfully submitted,

          REAUD, MORGAN & QUINN, L.L.P.
          801 Laurel Street
          P. O. Box 26005
          Beaumont, Texas 77720-6005
          (409) 838-1000
          FAX (409) 833-8236

          By */s/ John Werner*
             John Werner
             State Bar No. 00789720

          Attorneys for Plaintiff