IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| SCOTTIE TURNER | § |
| | § |
| VS. | § CIVIL ACTION NO. 1:11-cv-322-RC |
| | § |
| TURNER INDUSTRIES GROUP, L.L.C. | § |

**SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT'S
FIRST AMENDED MOTION FOR FINAL SUMMARY JUDGMENT**

**TO THE HONORABLE JUDGE OF THIS COURT:**

**COMES NOW, TURNER INDUSTRIES GROUP, L.L.C.**, Defendant in the above-entitled and numbered cause, and, pursuant to Fed. R. Civ. P. 56(c), and in accordance with the Court's Order, submits the following Supplemental Authority in Support of Defendant's First Amended Motion for Final Summary Judgment. In further support of the requested summary judgment, Turner Industries Group, L.L.C. (hereinafter "Turner") respectfully shows this Court the following:

I.

**INTRODUCTION**

Plaintiff, Scottie Turner (hereinafter "Plaintiff"), is a former employee of Turner who worked from August 2009 until August 2011 at the Motiva Refinery in Port Arthur, Texas on the Motiva Crude Expansion Project (Motiva CEP).  The sole issue in this case is whether the time Plaintiff spent riding a bus between an off-site parking area and the Motiva facility constitutes "hours worked," or compensable time, under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.* and the Portal-to-Portal Act,  29 U.S.C. § 251, *et seq.*

## II.

## SUPPLEMENTAL AUTHORITY

Previously, on March 15, 2012, Judge Crone entered a Memorandum and Order (Doc. No. 29) granting summary judgment in the defendant's favor in a factually indistinguishable FLSA case involving a challenge to the identical offsite parking requirements and mandatory bus travel by another contract worker at the Motiva CEP project in Port Arthur, Texas. *Griffin v. S&B Engineers and Constructors, Ltd.*, Civil Action No. 1-11-CV-60, In the United States District Court for the Eastern District of Texas. Specifically, Judge Crone held that "Griffin and other employees' time spent on the bus is ordinary home-to-work travel and not compensable under the FLSA." The plaintiff in *Griffin* perfected an appeal of Judge Crone's ruling to the Fifth Circuit.

The Fifth Circuit had previously held that "[o]rdinary home-to-work travel is clearly not compensable under the Portal-to-Portal Act. . . ." *Vega v. Gasper*, 36 F.3d 417, 424 (5th Cir. 1994) (affirming that the four hours spent by farm workers on buses riding out to the field and back each day was a <u>non-compensable</u> "extended home-to-work-and-back commute").

As previously noted, in *Bonilla v. Baker Concrete Constr., Inc.* 487 F.3d 1340, 1342 (11th Cir. 2007) and *Smith v. Aztec Wall Servicing Co.*, 462 F.3d 1274, 1280, 1287-88 (10th Cir. 2006) the Eleventh and Tenth Circuits, respectively, found that mandatory company-sponsored travel to work sites was <u>non-compensable</u> time under the FLSA absent the employees havning performed integral and indispensable duties during the travel. However, there was no Fifth Circuit precedent directly addressing whether a *mandatory* transportation scheme *per se* renders travel time to the work site compensable under the FLSA.

This changed on January 11, 2013, when the Fifth Circuit rendered its per curiam opinion in the *Griffin* appeal, affirming the summary judgment granted by Judge Crone. *Griffin v. S&B Engineers and Constructors, Ltd.*, No. 12-40382; 2013 U.S. App. LEXIS 785 (5th Cir., January 11, 2013) (per curiam). For the Court's convenience, a true and correct highlighted copy of the Fifth Circuit's opinion is attached to this Supplement as **Exhibit 1**.

Turner would point the Court to the following pronouncements of the Fifth Circuit in *Griffin* which bear substantially and conclusively on Turner's motion for summary judgment:

- The Motiva CEP "mandatory burning scheme arrangement is simply normal traveling time that laborers would also be required to undertake by the mere fact of working at the Motiva Plant. 29 C.F.R. § 785.35." *Griffin*, 2013 U.S. App. LEXIS 785 at *14.

- "[W]e hold that the travel time is not compensable under the FLSA, as it constitutes ordinary home-to-work-and-back travel." *Id.*

- "Although [plaintiff] was required to follow Motiva's Transportation Rules of Conduct, we conclude these rules were simply logistical, administrative, and marginally restrictive, and not 'integral and indispensable' to [plaintiff's work activities]." *Id.* at *16.

Because the facts of *Griffin* are not merely analogous but *identical*, the Fifth Circuit's rationale and holding in affirming the summary judgment granted by the District Court should be controlling in the present case and fully supports this Court's granting summary judgment in Turner's favor as to all claims and causes of action asserted by Plaintiff.

Respectfully submitted,

STEVENS BALDO FREEMAN & LIGHTY, L.L.P.

By: ___/s/_____
    DON LIGHTY
    Texas Bar No. 12344600
    550 Fannin Street, Suite 700
    Beaumont, Texas 77701
    Telephone:  409-835-5200
    Facsimile:  409-835-5201
    lighty@sbf-law.com

**ATTORNEYS FOR DEFENDANT,
TURNER INDUSTRIES GROUP, L.L.C.**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record by CM/ECF and/or PACER, on this, the 15th day of January, 2013.

____/s/_____
DON LIGHTY